**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

PAUL D. HESTER,

        Plaintiff,

    v.

INTERNAL REVENUE SERVICE,

        Defendant.

Case No. 2:25-cv-04128 (BRM) (AME)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is *pro se* Plaintiff Paul D. Hester's ("Plaintiff") Motion for Reconsideration (ECF No. 24)[1] of the Court's December 15, 2025 Opinion and Order (ECF Nos. 21, 22) denying Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (the "TRO Motion") (ECF No. 6) pursuant to Local Civil Rule 7.1(i).[2] Defendant the Internal Revenue Service (the "IRS") filed an Opposition (ECF No. 29), and Plaintiff filed a Reply (ECF No. 30). Also before this Court is Plaintiff's Motion for Injunctive Relief Pending Appeal pursuant to Federal Rule of Civil Procedure ("Rule") 62(d). (ECF No. 27.) The IRS filed an Opposition. (ECF No. 31.) Plaintiff did not file a reply. Having reviewed and considered the submissions filed in connection with the motions and having declined to hold oral argument pursuant to Rule 78(b),

---

[1] All citations to the record in this Opinion refer to this case (25-4128) unless otherwise noted.

[2] Alternatively, Plaintiff moves for reconsideration pursuant to Federal Rule of Civil Procedure 54. (ECF No. 24 at 1.) Local Civil Rule 7.1(i) is the appropriate rule governing reconsideration of an interlocutory order, such as the December 15, 2025 Opinion and Order. *See Gillespie v. Newark Bd. of Educ.*, Civ. A. No. 21-18990, 2024 WL 4867025, at *2 n.5 (D.N.J. Nov. 22, 2024).

for the reasons set forth below and for good cause shown, Plaintiff's Motion for Reconsideration is **GRANTED IN PART** and **DENIED IN PART**, and Plaintiff's Motion for Injunctive Relief Pending Appeal is **DENIED**.[3]

## I.    BACKGROUND

Plaintiff is a *pro se* party who has been engaged in a protracted dispute with the IRS for years and instituted several proceedings in the Tax Court in 2023. (*See, e.g.*, Tax Court Nos. 23-1994, 23-17013.)[4] On February 26, 2025, in conjunction with the Tax Court proceedings, Plaintiff filed eight Freedom of Information Act ("FOIA") requests to the IRS. (ECF No. 1 ¶ 6, ECF No. 6 at 1–2.) Each FOIA request applied for a fee waiver and an expedited process. (ECF No. 1 ¶ 6.)

---

[3] Both the Motion for Reconsideration (ECF No. 24) and the Motion for Injunctive Relief Pending Appeal (ECF No. 7) relate to Plaintiff's initial Complaint (ECF No. 1). On February 5, 2026, Plaintiff filed an Amended Complaint (ECF No. 33), which "supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). As the Amended Complaint supplanted the original complaint, both the Motion for Reconsideration and the Motion for Injunctive Relief Pending Appeal are moot. *See, e.g.*, *Falck N. California Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 765 (9th Cir. 2022) (holding an interlocutory appeal of an order based on an original pleading moot); *Goodwin v. T-Mobile USA, Inc.*, Civ. A. No. 24-5655, 2026 WL 444640, at *1 (D.N.J. Feb. 17, 2026) (holding motion for reconsideration of an order based on an original pleading moot); *Nasby v. Nevada*, Civ. A. No. 20-231, 2023 WL 319602, at *1 (D. Nev. Jan. 19, 2023) (holding a motion for injunctive relief based on an original pleading moot). However, a court may still review a moot motion under certain circumstances pursuant to Rule 1. *See Schwinge v. Deptford Twp. Bd. of Educ.*, Civ. A. No. 09-5964, 2011 WL 689615, at *2 (D.N.J. Feb. 17, 2011) (recognizing the court's authority to review a moot motion to avoid an unnecessary waste of time and resources absent prejudice to the plaintiff). Here, the Court finds it appropriate to substantively review and adjudicate Plaintiff's Motion for Reconsideration and Motion for Injunctive Relief Pending Appeal based on his *pro se* status. *See Scalercio-Isenberg v. Select Portfolio Servicing, Inc.*, Civ. A. No. 22-2705, 2025 WL 2938198, at *4 (D.N.J. Oct. 16, 2025). As both motions relate to the original Complaint, however, the Court draws all inferences from the facts alleged in original Complaint (ECF No. 1) and not the operative Amended Complaint (ECF No. 33).

[4] As previously noted in the December 15, 2025 Opinion, the nature of the tax disputes is not relevant to this lawsuit and will not be recounted here. (ECF No. 21 at *1 n.1.)

On March 3, 2025, the IRS denied both the fee waiver and expedited processing applications. (ECF No. 1 ¶ 7; *accord* ECF No. 6-1, Ex. B.) Plaintiff filed an administrative appeal of the denied applications for fee waivers and expedited processing on March 12, 2025. (ECF No. 1 ¶ 19.) On March 27, 2025, Plaintiff filed a complaint against the IRS in this District, Civ. A. No. 25-2138 (the "First Complaint"). (Civ. A. No. 25-2138, ECF No. 1.)

In a letter dated April 8, 2025, the IRS Appeals Team acknowledged receipt of the administrative appeals. (ECF No. 1 ¶ 31; *accord* ECF No. 6-1, Ex. I.) In relevant part, the letter stated "[i]f you decide to file suit with the court while we are considering your case, please advise this office in writing of your action. Once notified, we'll terminate our consideration of your FOIA appeal." (ECF No. 6-1, Ex. I.) The IRS Appeals Team was subsequently notified of the First Complaint and terminated the administrative appeals in letters dated April 29, 2025. (ECF No. 1 ¶ 41; *accord* ECF No. 6-1, Ex. K.)

On May 12, 2025, Plaintiff filed the Complaint against the IRS (the "Second Complaint"). (ECF No. 1.) On May 19, 2025, Plaintiff filed a notice requesting the First Complaint be withdrawn pursuant to Rule 41 (Civ. A. No. 25-2138, ECF No. 16), which this Court granted on May 28, 2025 (Civ. A. No. 25-2138, ECF No. 17).

On May 23, 2025, Plaintiff filed the Motion for Temporary Restraining Order and Preliminary Injunction (the "TRO Motion"). (ECF No. 6.) In relevant part, the TRO Motion requested the Court to prohibit the IRS from destroying any record responsive to the FOIA requests and to continue processing the requests on an expedited basis. (*Id.* ¶¶ 1–3.) On June 20, 2025, the IRS filed its Answer to the Second Complaint. (ECF No. 14.) That same day, the IRS filed its Opposition to the TRO Motion. (ECF No. 15.) Plaintiff filed the Reply on July 1, 2025. (ECF No. 16.)

On December 15, 2025, this Court entered the Order denying the TRO Motion. (ECF Nos. 21, 22.) Notably, the Court did not find a reasonable probability of eventual success as to the claims the IRS was destroying records responsive to the FOIA requests, the IRS was refusing to continue processing the FOIA requests, and Plaintiff has a compelling need for the IRS to process the FOIA requests on an expedited basis. (*See* ECF No. 21 at *3–4.)

Plaintiff filed the Motion for Reconsideration of the December 15, 2025 Order on December 29, 2025 (ECF No. 24),[5] and the Motion for Injunctive Relief Pending Appeal of the December 15, 2025 Order on January 17, 2026 (ECF No. 27).[6] On January 26, 2026, the IRS filed an Opposition to the Motion for Reconsideration[7] (ECF No. 29), and Plaintiff filed a Reply (ECF

---

[5] After filing the Motion for Reconsideration, Plaintiff filed a Notice of Appeal appealing the December 15, 2025 Order on February 5, 2026. (ECF No. 35.) Although, "[a]s a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal," *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985), "a district court retains jurisdiction to decide certain timely-filed, post-judgment motions," *Botello v. Navient Sols., LLC*, Civ. A. No. 22-5601, 2023 WL 4014289, at *1 n.1 (D.N.J. June 15, 2023) (citing *Kull v. Kutztown Univ. of Pa.*, 543 F. App'x 244, 248 (3d Cir. 2013)). A motion for reconsideration has generally been held to be a post-judgment motion in which a district court may retain jurisdiction to decide "notwithstanding the filing of the notice of appeal." *United States v. Cammarata*, Civ. A. No. 22-639, 2024 WL 3824024, at *2 (D.N.J. Aug. 15, 2024), *aff'd*, No. 24-1983, 2026 WL 936127 (3d Cir. Apr. 7, 2026); *see, e.g.*, *Botello*, 2023 WL 4014289, at *1 n.1 (noting the Third Circuit stayed the defendant's appeal based on a pending motion for reconsideration pursuant to Local Civil Rule 7.1). Accordingly, this Court assumes it retains jurisdiction to decide the Motion for Reconsideration.

[6] Plaintiff filed the Motion for Injunctive Relief Pending Appeal prior to the Notice of Appeal in conflict with Rule 62, *see Shaikh v. Dep't of Banking & Ins., Div. of Ins.*, Civ. A. No. 19-14092, 2025 WL 1248934, at *7 (D.N.J. Apr. 30, 2025); *Tricon Energy, Ltd. v. Vinmar Int'l, Ltd.*, Civ. A. No. 10-5260, 2012 WL 527965, at *1 (S.D. Tex. Feb. 16, 2012), which was filed fifty-two days later on February 5, 2026 (ECF No. 35).

[7] On January 20, 2026, the IRS filed a Motion to Extend the Time to File Response to Plaintiff's Motion for Reconsideration. (ECF No. 28.) The Motion to Extend the Time to File Response (*id.*) is **GRANTED**.

No. 30). On February 4, 2026, the IRS filed an Opposition to the Motion for Injunctive Relief Pending Appeal. (ECF No. 31.) Plaintiff has not filed a response to same.

## II.    LEGAL STANDARD

### A.    Local Civil Rule 7.1(i)

While not expressly authorized by the Rules, motions for reconsideration are proper pursuant to this District's Local Civil Rule 7.1(i). *See Dunn v. Reed Grp., Inc.*, Civ. A. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan. 13, 2010); *see also* L. Civ. R. 1.1(a) (stating the Local Civil Rules supplement the Rules and "are applicable in all proceedings when not inconsistent therewith"). "[R]econsideration is an extraordinary remedy[] that is granted 'very sparingly.'" *Brackett v. Ashcroft*, Civ. A. No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (quoting *Interfaith Cmty. Org. v. Honeywell Int'l Inc.*, 215 F. Supp. 2d. 482, 507 (D.N.J. 2002)); *see also Langan Eng'g & Env't Servs., Inc. v. Greenwich Ins. Co.*, Civ. A. No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008).

A motion for reconsideration "may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment." *P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Instead, Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." L. Civ. R. 7.1(i); *see also Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule."). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Danise v. Saxon Mortg. Servs. Inc.*, 738 F. App'x 47, 52 (3d Cir. 2018) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court commits clear error of law "only if the record cannot support the findings that led to that ruling." *ABS Brokerage Servs. v. Penson Fin. Servs., Inc.*, Civ. A. No. 09-4590, 2010 WL 3257992, at *6 (D.N.J. Aug. 16, 2010) (citing *United States v. Grape*, 549 F.3d 591, 603–04 (3d Cir. 2008)). Therefore, a moving party must demonstrate "(1) the holdings on which it bases its request were without support in the record, or (2) would result in 'manifest injustice' if not addressed." *Id.* Moreover, when the assertion is that the Court overlooked something, the Court must have overlooked some dispositive factual or legal matter that was presented to it. *See* L. Civ. R. 7.1(i).

In short, "[m]ere 'disagreement with the Court's decision' does not suffice." *ABS Brokerage Servs.*, 2010 WL 3257992, at *6 (quoting *P. Schoenfeld*, 161 F. Supp. 2d at 352); *see also United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]."); *Schiano v. MBNA Corp.*, Civ. A. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law and should be dealt with through the normal appellate process." (citations omitted)).

6

### B.    Rule 62(d)

"[T]he standard for obtaining a stay pending appeal is essentially the same as that for obtaining a preliminary injunction." *Conestoga Wood Specialties Corp. v. Sec'y of U.S. Dep't of Health & Hum. Servs.*, No. 13-1144, 2013 WL 1277419, at *1 (3d Cir. Feb. 8, 2013). Preliminary injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). The primary purpose of preliminary injunctive relief is "maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994).

In order to obtain a temporary restraining order or preliminary injunction, the moving party must show:

> (1) a reasonable probability of eventual success in the litigation, and
> (2) that it will be irreparably injured . . . if relief is not granted . . . .
> [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. Cnty. of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)).

The movant bears the burden of establishing "the threshold for the first two 'most critical' factors." *Id.* at 179. If the movant establishes the gateway factors, "a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* A court may issue an injunction to a plaintiff "only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *AT&T v. Winback & Conserve Program*, 42 F.3d 1421,

7

1427 (3d Cir. 1994); *see also Ferring Pharms.*, 765 F.3d at 210 ("The movant bears the burden of showing that these four factors weigh in favor of granting the injunction.").

### III.   DECISION

#### A.   Local Civil Rule 7.1(i)

Plaintiff moves for reconsideration of the December 15, 2025 Order pursuant to Local Civil Rule 7.1. (ECF No. 24.) He argues the Court committed a clear error as "factual descriptions of multiple key exhibits and timeline facts are inconsistent with the plain text of the record." (*See id.* at 1–2.) Alternatively, Plaintiff requests the Court to "correct specific factual descriptions in the Opinion so the record is accurate for appellate review."[8] (*Id.*)

A motion for reconsideration is an inappropriate vehicle to correct any minor errors of fact. *See United States v. Boone*, Civ. A. No. 20-185, 2022 WL 17722927, at *4 (D.N.J. Dec. 15, 2022) (explaining a motion for reconsideration is "an extremely limited procedural vehicle" (quoting *Langan Eng'g & Env't Servs.*, 2008 WL 4330048, at *1)). Rather, "[t]he purpose of a motion for reconsideration is to correct *manifest* errors of law or fact." *Harsco Corp.*, 779 F.2d at 909 (emphasis added); *accord Max's Seafood Cafe*, 176 F.3d at 677; *see also In re Energy Future Holdings Corp.*, 904 F.3d 298, 312 (3d Cir. 2018) (defining a manifest error as "a 'direct, obvious, [or] observable error' . . . of at least some importance to the larger proceedings" (quoting *Manifest Injustice*, BLACK'S LAW DICTIONARY (10th ed. 2014))); *Error*, BLACK'S LAW DICTIONARY (12th

---

[8] Plaintiff also requests the Court to "address the practical consequence of the ruling." (ECF No. 24 at 2.) Specifically, Plaintiff requests the Court to schedule a Rule 16 conference. (ECF No. 24 at 23.) The IRS did not oppose the request to schedule same. (ECF No. 29 at 2, 5.) On February 5, 2026, however, Plaintiff filed both an Amended Complaint (ECF No. 33) and a Notice of Appeal (ECF No. 35). The IRS moved for an extension of time to file an answer to the Amended Complaint (ECF No. 38), which Plaintiff opposed (ECF No. 42). On February 20, 2026, the Court entered an order granting the motion to extend the time to file an answer to the Amended Complaint "until thirty (30) days after the Third Circuit resolves Plaintiff's appeal." (ECF No. 40.) Once resolved, a Rule 16 conference shall be scheduled at the discretion of the Magistrate Judge.

ed. 2024) (defining "manifest error" as "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record").

To determine whether an alleged error is a manifest error, the court focuses "on the gravity and overtness of the error." *See In re Energy*, 904 F.3d at 312 (internal quotation marks omitted). The court should not grant a motion for reconsideration if the alleged error or overlooked factual issue does not "alter the disposition of the matter." *See Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014); *see also In re Actiq Sales & Mktg. Pracs. Litig.*, Civ. A. No. 07-4492, 2012 WL 2135560, at *4 (E.D. Pa. June 13, 2012) ("A motion for reconsideration is not appropriate where the matter for reconsideration would not reasonably have altered the result previously reached by the court." (quoting *Somerville v. Snyder*, Civ. A. No. 98-219, 2002 WL 202104, at *1 (D. Del. Feb. 4, 2002))); *Fact*, BLACK'S LAW DICTIONARY (12th ed. 2024) (defining "dispositive fact" as "[a] fact that is decisive of a legal matter; evidence that definitively resolves a legal issue or controversy").

Here, Plaintiff effectively identifies eleven "errors." (*See* ECF No. 24 at 3–28.) Of the eleven alleged errors, nine are minor errors which do not alter the disposition of the December 15, 2025 Order. (*See id.* at 3–5 (claiming Exhibit N was mislabeled as an "account transcript" (citing ECF No. 21 at *3 n.4)); *id.* at 6–7 (claiming the Court failed to consider Exhibits L and M); *id.* at 8–9 (claiming the Court failed to consider Exhibit O); *id.* at 20 (claiming the Court accepted as true the representation the IRS preserves records relevant to pending lawsuits (citing ECF No. 21 at *3)); *id.* at 21 (claiming the Court treated the applications for fee waivers and the applications for expedited processing "as essentially the same type of request"); *id.* (claiming the Court erroneously stated both the Complaint and TRO Motion were "devoid of reference to [IRS Appeals Officer Tina M. Bolduc ("Bolduc")]" (citing ECF No. 21 at *2 n.3)); *id.* at 22–23 (claiming the

9

Court denied Plaintiff's request to amend his reply for the sole purpose of changing "unhelpful" nomenclature (citing ECF No. 21 at *1 n.1)); *id.* at 23–27 (claiming the characterization of the pending Tax Court lawsuits was prejudicial); *id.* at 27–28 (claiming the implication the Complaint was "lengthy" and "organized" based on Plaintiff's *pro se* status was prejudicial (citing ECF No. 21 at *2)).)

Some of these allegations are directly refuted by either the Opinion or the record. (*See* ECF No. 6-1, Ex. L (exhibiting Form 4506—Request for Copy of Tax Return—with eight page "Account Transcript"); ECF No. 21 at *2 (stating "[c]ourts are more forgiving of *pro se* litigants for filing relatively *unorganized* or somewhat *lengthy* complaints" (emphasis added) (quoting *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019)); *id.* at *3 (referencing "Exhibits L, M, N, and Q as proof of [Plaintiff's] claim"); *id.* (noting, without accepting, the IRS denies the allegation it was destroying records and preserves records relevant to pending lawsuits); *see also generally* ECF Nos. 1, 6 (devoid of any direct reference to Bolduc).) The remaining allegations are simply disagreements with the decision, which are inappropriate on a motion for reconsideration. *See ABS Brokerage Servs.*, 2010 WL 3257992, at *6; *see also Copeland v. Univ. of Med. & Dentistry of New Jersey*, Civ. A. No. 07-341, 2009 WL 3055369, at *3 (D.N.J. Sept. 21, 2009) (holding the allegation a court overlooked the significance of an exhibit is merely a disagreement with the decision); *Murphy v. Att'y Gen. of New Jersey*, Civ. A. No. 17-2960, 2022 WL 1213354, at *3 (D.N.J. Apr. 25, 2022) (holding a fact or exhibit is not overlooked merely because it was not specifically addressed in an opinion). The remaining two errors, however, are manifest errors of fact requiring correction.

First, Plaintiff argues the Background section is factually incorrect and contradictory. (*See* ECF No. 24 at 13–20.) Specifically, Plaintiff points out the section erroneously states both the

10

acknowledgement and termination letters were dated April 8, 2025. (*See id.* at 13–20 (citing ECF No. 21 at *1).) Based on this error, the Background implies the Appeals Team was simultaneously aware of the lawsuit for purposes of the acknowledgement letters and unaware of same for purposes of the termination letters. (*See* ECF No. 21 at *1 (citing ECF No. 6-1, Exs. I, K).) However, the record establishes the acknowledgment letter was dated April 8, 2025 (ECF No. 6-1, Ex. I); and the termination letter was dated April 29, 2025 (*id.*, Ex. K). Therefore, the statement the Appeals Team was unaware of the lawsuit on April 8 was accurate, but the statement that the team was notified of the lawsuit and terminated the administrative appeal that same day was inaccurate and a factual error.

Second, the Opinion erroneously states, "Plaintiff fail[ed] to include a copy of the IRS's correspondence from which he appealed." (ECF No. 21 at *3.) In relevant part, the Complaint included a cause of action relating to the termination of his administrative appeals of the final responses to FOIA requests No. 2025-10001 and No. 2025-12040. (ECF No. 1 ¶¶ 46–48). In support of the TRO Motion, Plaintiff included copies of both final responses. (ECF No. 6-1, Exs. P, S; *see also* ECF No. 21 at *2 n.3 (citing ECF No. 6-1, Ex. P); *id.* at *3 (citing ECF No. 6-1, Ex. S).) Therefore, the statement "Plaintiff fail[ed] to include a copy of the IRS's correspondence from which he appealed" was inaccurate and a factual error.

Neither of these factual errors, however, alter the disposition of the December 15, 2025 Order. Accordingly, the Motion for Reconsideration is **GRANTED IN PART** and **DENIED IN PART**. The December 15, 2025 Opinion will be amended for the limited purpose of correcting the date of the termination letter to April 29, 2025, and removing the statement "Plaintiff fail[ed] to include a copy of the IRS's correspondence from which he appealed."

**B.     Rule 62(d)**

Plaintiff moves for injunctive relief pending appeal pursuant to Rule 62(d). (ECF No. 27.) Specifically, Plaintiff requests the Court to prohibit the IRS from destroying any record responsive to the FOIA requests and to continue processing the requests. (*See id.*) In support, Plaintiff claims there is a reasonable probability of success on appeal because the December 15, 2025 Order contains clear errors of fact, such as mischaracterizing Exhibit N as "account transcripts" and misstating the date of the termination letter as April 8, 2025. (*See id.* at 2.) Plaintiff also claims he will be irreparably injured if relief is not granted as the delay may result in the destruction of responsive records. (*See id.* at 2–3.) *But see Jud. Watch, Inc. v. United States Dep't of Homeland Sec.*, 895 F.3d 770, 782 (D.C. Cir. 2018) ("[N]ot all agency delay or other failure to comply with FOIA's procedural requirements will warrant judicial intervention, much less injunctive relief.").

The Court does not find there exists a reasonably probability of eventual success in an appeal of the December 15, 2025 Order. As Plaintiff has filed an Amended Complaint (ECF No. 33), the appeal of the December 15, 2025 Order based on the original Complaint is presumably moot, *see Falck N. California Corp. v. Scott Griffith Collaborative Sols., LLC*, 25 F.4th 763, 765 (9th Cir. 2022). Furthermore, the appeal is based on alleged errors of fact within the December 15, 2025 Opinion. (ECF No. 27 at 2.) The Court has granted in part the Motion for Reconsideration, however, for purposes of correcting any and all material errors of fact within same and, as such, the December 15, 2025 Order contains no clear errors of fact. *See supra* Section III.A. Finally, the Court finds Plaintiff fails to show the IRS has been destroying documents responsive to his FOIA requests. (*See* ECF No. 21 at *3 (holding Plaintiff had failed to show same in support of motion for preliminary injunctive relief).)

Accordingly, the Motion for Injunctive Relief Pending Appeal is **DENIED**.

12

**IV.    CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Reconsideration (ECF No. 24) is

**GRANTED IN PART** and **DENIED IN PART**, and Plaintiff's Motion for Injunctive Relief

Pending Appeal (ECF No. 27) is **DENIED**. An appropriate order follows.


**Date: April 23, 2026**                                    */s/ Brian R. Martinotti*
                                                              **HON. BRIAN R. MARTINOTTI**
                                                              **UNITED STATES DISTRICT JUDGE**