<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PAUL D. HESTER, <br><br> Plaintiff, <br><br> v. <br><br> INTERNAL REVENUE SERVICE, <br><br> Defendant. | Case No. 2:25-cv-04128 (BRM)(AME) <br><br> **AMENDED OPINION** <br> *(amending opinion dated* <br> *December 15, 2025)* |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* Plaintiff Paul D. Hester's ("Plaintiff") Motion for a Temporary Restraining Order and Preliminary Injunction asking the Court to order Defendant the Internal Revenue Service ("IRS") to prevent destruction of records responsive to certain Freedom of Information Act ("FOIA") requests and to resume processing of these FOIA requests (the "Motion"). (ECF No. 6.) The IRS filed an opposition. (ECF No. 15.) Plaintiff filed a reply on July 1, 2025 (ECF No. 16)[1] and a status report on August 11, 2025 (ECF No. 20). Having reviewed and considered the submissions filed in connection with the motion, for the reasons set forth below and for good cause having been shown, Plaintiff's Motion is **DENIED**.

---

[1] Plaintiff's reply is littered with bizarre use of cartoonish names for the parties that are unhelpful to the Court. Plaintiff subsequently filed a motion for leave to file a "corrected" reply. (ECF No. 18.) In the "corrected" reply, Plaintiff proposes to replace these names with more conventional nomenclature such as "plaintiff" and "defendant" but otherwise asks to file a corrected copy "substantively equivalent to the original Reply" (ECF No. 18 at 1.) The proposed "corrected" reply also includes identical exhibits. The Court has reviewed the original Reply and "corrected" reply and all their exhibits and deems the "corrected" copy unnecessary. Plaintiff's motion is therefore **DENIED** as moot, but even if the Court did consider the "corrected" copy, it would not affect the outcome of the motion for a temporary restraining order.

1

## I.    BACKGROUND

Plaintiff is a *pro se* party who is engaged in a protracted dispute with the IRS for years and instituted several proceedings in the Tax Court in 2023 (Dkt. Nos. 1994-23L, 17013-23L).[2] In conjunction with the Tax Court proceedings, Plaintiff filed a series of FOIA requests to the IRS. (ECF No. 1 at ¶ 6, ECF No. 6 at 1–2.)

Plaintiff also applied for fee waivers in and for expedited processing of his FOIA requests. (ECF No. 1 at ¶ 6.) The IRS denied the fee waiver and expedited processing applications on March 3, 2025. (ECF No. 6-1, Ex. B.) Plaintiff filed an administrative appeal of the denied applications for fee waivers and expedited processing on March 12, 2025. (ECF No. 1 at ¶ 19.) On March 27, 2025, Plaintiff filed a lawsuit in this District under Case No. 2:25-cv-2138 (D.N.J.).

The IRS Appeals Team acknowledged the receipt of the administrative appeal in a letter dated April 8, 2025, and, not yet unaware of the lawsuit, noted in its correspondence that "[i]f you decide to file suit with the court while we are considering your case, please advise this office in writing of your action. Once notified, we'll terminate our consideration of your FOIA appeal." (ECF No. 6-1, Ex. I.)

Once the Appeals Team learned of the March 27, 2025 lawsuit, however, it wrote to Plaintiff on April 29, 2025, that the administrative appeal was being terminated to make away for the litigation: "We were notified by IRS Counsel that the matter is now in litigation, therefore, we are closing the case in Appeals." (ECF No. 6-1, Ex. K.)

In the same March 3, 2025 correspondence that denied Plaintiff's fee waiver and expedited processing applications, the IRS also stated it would continue to search documents responsive to his FOIA requests. (ECF No. 6-1, Ex. B.) Plaintiff claims the IRS subsequently made repeated

---

[2] The nature of the tax disputes is not relevant to this lawsuit and will not be recounted here.

requests for extension. (ECF No. 6 at 3.) When the administrative appeal of the denial of fee waiver application and expedited processing was terminated on April 29, 2025 (following the filing of Plaintiff's March 27, 2025 lawsuit), the IRS claims the processing of the FOIA requests was turned over to the IRS Counsel and is currently ongoing. (ECF No. 15 at 5.)

Plaintiff subsequently withdrew the March 27, 2025 lawsuit and filed this action on May 12, 2025. (ECF No. 1.[3]) On May 23, 2025, Plaintiff filed this Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 6.)

## II.   LEGAL STANDARD

"Courts are more forgiving of pro se litigants for filing relatively unorganized or somewhat lengthy complaints" out of consideration for pro se parties' lack of legal training. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (citing *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)). However, even though *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Preliminary injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). The primary purpose of preliminary injunctive relief is

---

[3] In the amended complaint of his earlier lawsuit against the IRS, Plaintiff alleges that the IRS failed to respond to his FOIA request for "Records related to the retirement/termination of IRS Appeals Officer Tina M. Bolduc." (*Hester v. Internal Revenue Serv.*, Case No. 2:25-cv-2138, ECF No. 14 ¶¶ 8, 17.) The complaint and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction in the case are devoid of reference to Bolduc and appear to stem from the alleged "destruction or removal" of Plaintiff's tax records. ECF No. 6-1, Ex. P.

"maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994).

In order to obtain a temporary restraining order or preliminary injunction, the moving party must show:

> (1) a reasonable probability of eventual success in the litigation, and (2) that it will be irreparably injured . . . if relief is not granted . . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. Cnty. of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017) (quoting *Del. River Auth. v. Transamerican Trailer Transp., Inc.*, 501 F.2d 917, 919–20 (3d Cir. 1974)).

The movant bears the burden of establishing "the threshold for the first two 'most critical' factors . . . . If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179. A court may issue an injunction to a plaintiff "only if the plaintiff produces evidence sufficient to convince the district court that all four factors favor preliminary relief." *AT&T v. Winback & Conserve Program*, 42 F.3d 1421, 1427 (3d Cir. 1994); *see also P.C. Yonkers, Inc. v. Celebrations the Party & Seasonal Superstore, LLC*, 428 F.3d 504, 508 (3d Cir. 2005) ("The burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate."); *Ferring*, 765 F.3d at 210.

### III.   DECISION

In both the Complaint and the Motion, Plaintiff claims the IRS engaged in unlawful conduct in "destruction of records" related to the Tax Court litigations. (ECF No. 1 at ¶ 24; ECF No. 6 at 2.) The IRS denies this allegation and represents that "once a case is referred to the Department of Justice, the Service is sent a litigation hold letter requiring them to preserve records

relevant to the case." (ECF No. 15 at 4.) Plaintiff includes Exhibits L, M, N, and Q as proof of his claim. (ECF No. 6 at 2; ECF No. 6-1, Exs. L, M, N, Q.) Having reviewed these four exhibits as well as other exhibits Plaintiff filed with his motion and with his reply,[4] the Court does not find "a reasonable probability of eventual success in the litigation" regarding his claim of the IRS's destruction of responsive records. *Reilly*, 858 F.3d at 176. The Court therefore finds Plaintiff fails to show a substantial likelihood of success regarding his claim that the IRS has been destroying documents responsive to his FOIA requests.

As to Plaintiff's claim that the IRS is refusing to continue processing his FOIA requests, he cites to a USPS Return Receipt (*id.*, Ex. T) and to Plaintiff's March 31, 2025 administrative appeal (*id.*, Ex. R) of the IRS's final response to one request. He also includes the IRS's response to a different request, which says "[t]here is no provision in either [the FOIA or Privacy] Act to resolve tax, collection, or processing issues. The FOIA and Privacy Act also do not require agencies to answer questions, perform research, or create new documents in response to a request." (*Id.*, Ex. S.) Plaintiff seems to suggest the agency's lack of response to his administrative appeal amounts to effective denial of the FOIA request. (ECF No. 6 at 3.) If the IRS terminated the appeal of the FOIA response, it appears to be the result of Plaintiff filing his March 27, 2025 lawsuit, which prompted the termination of his earlier administrative appeal of the denial of the fee waiver and expedited processing. In any event, the IRS represents it continues to process the requests, only that the processing is now being handled by the IRS Counsel now. (ECF No. 15 at 5.) The Court therefore finds Plaintiff fails to show "a reasonable probability of eventual success in the

---

[4] Exhibits L and M are letters from an IRS Appeals Officer confirming to Plaintiff that his faxes have been received; Exhibit N is the account transcripts the IRS provided to Plaintiff on his request; Exhibit Q is a copy of one of Plaintiff's FOIA requests.

litigation" regarding his claim that the IRS has refused to continue processing his FOIA requests. *Reilly*, 858 F.3d at 176.

Finally, Plaintiff seeks to have the Court order the agency's expedited processing of the FOIA requests, provide a rolling production every 14 days, and submit a *Vaughn* index[5] within 30 days. The expedited processing provision of FOIA states, in relevant part, that:

> (E)(i) Each agency shall promulgate regulations . . . providing for expedited processing of requests for records —
> (I) in cases in which the person requesting the records demonstrates a compelling need; and
> (II) in other cases determined by the agency.
> . . .
> (v) For purposes of this subparagraph, the term "compelling need" means—
> (I) that a failure to obtain requested records on an expedited basis under this paragraph could reasonably be expected to pose an imminent threat to the life or physical safety of an individual; or
> (II) with respect to a request made by a person primarily engaged in disseminating information, urgency to inform the public concerning actual or alleged Federal Government activity.

5 U.S.C. § 552(a)(6)(E). As required by the amended FOIA, the DOJ implemented regulations providing for the expedited processing of requests in cases where there is a compelling need, as defined above, as well as in cases involving "[t]he loss of substantial due process rights" or "[a] matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(d)(1)(i)-(iv).

To demonstrate his "compelling needs" as required by the statute, Plaintiff argues the requested records are urgently needed in his Tax Court cases. Having reviewed the dockets for

---

[5] "A *Vaughn* index is an index correlating each withheld document, or a portion thereof, with a specific exemption and relevant part of an agency's justification for nondisclosure. The *Vaughn* index is a tool designed to aid the court in determining whether the agency has properly withheld the information requested." *Davin v. U.S. Dep't of Just.*, 60 F.3d 1043, 1047 (3d Cir. 1995), citing *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974).

both of Plaintiff's Tax Court cases,[6] the Court finds Plaintiff does not establish a likelihood of success on the merits. Plaintiff has repeatedly made discovery motions in the Tax Court, and the Tax Court judges have found Plaintiff's motions for the IRS to preserve and share records to be "unnecessary" and "unwarranted." *Paul D. Hester v. Commissioner of Internal Revenue*, Docket No. 1994-23L (U.S.T.C., Doc. No. 60 at 2). Nevertheless, the Tax Court repeatedly delayed hearing dates at Plaintiff's request to accommodate the discovery process. *Id.*, Doc. Nos. 40, 73. Moreover, the IRS has recently filed 1035 pages of administrative records in the Tax Court proceedings. *Id.*, Doc. No. 88. The Court therefore finds Plaintiff fails to show a substantial likelihood of success regarding his claim that he has compelling need for the IRS to process his FOIA requests on an expedited basis.

### IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Preliminary Injunction (ECF No. 6) and motion for leave to file a corrected reply are **DENIED**. An appropriate order follows.

Dated:  April 23, 2026

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[6] The Court has reviewed the dockets for Tax Court Dockets 1994-23L and 17013-23L and docket entries that are available on the public docket. The two cases are now consolidated as one. *Paul D. Hester v. Commissioner of Internal Revenue*, Docket No. 17013-23L, Doc. No. 83 (U.S.T.C. Apr. 10, 2025). While court orders are publicly available, parties' submissions are not. For the purpose of this motion, the Court finds it unnecessary to know the contents of parties' submissions in the consolidated Tax Court cases.